**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| CAITLIN HOLT, AS GENERAL GUARDIAN OF E.R., A MINOR, | |
| PLAINTIFF, | CASE NO. 3:25-CV-50469 |
| V. | HONORABLE IAIN D. JOHNSTON |
| ROCHELLE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 231 BOARD OF EDUCATION, ET AL. | |
| DEFENDANTS. | |

**MEMORANDUM OPINION AND ORDER**

Caitlin Holt, on behalf of her minor child E.R., has brought six counts against four named defendants, including the Rochelle Community Schools Board of Education, superintendent Dr. Jason Harper, Title IX coordinator Anthony Doyle, and school principal Justin Adolph (collectively, "Defendants"). Broadly, Holt alleges violations of Title IX, assigns *Monell* liability to the school district, claims a failure to intervene on the part of individual defendants, and brings state law claims for negligence and civil rights violations. Before the Court is a motion to dismiss four of the six counts brought against Defendants. Dkt. 22. The motion to dismiss is construed as a motion for judgment on the pleadings. *See* dkt. 27; Fed. R. Civ. P. 12(c); J. Johnston Standing Order on Partial Motions to Dismiss. For the below reasons, the motion is granted in part and denied in part. Counts III and IV are dismissed.

**Background**[1]

E.R. attended Central Elementary School within Rochelle Community Schools. Complaint [1] at ¶ 12. To get to and from school in the 1st and 2nd grades, she would at least occasionally be transported by a district-provided school bus, driven by nonparty Cheryl Aldrich. *Id.* at ¶¶ 20, 24. At times, middle school students were driven alongside elementary school students. *Id.* at ¶ 23. One of the middle school students transported alongside E.R. was A.Z. *Id.* at ¶ 22.

School officials knew A.Z. exhibited inappropriate sexual behavior on the school bus. *Id.* at ¶ 23. Specifically, A.Z. had been suspended for making sexual threats to 1st grade students during the 2023-2024 school year and was suspended again in March 2025 for inappropriate sexual conduct. *Id.* Nevertheless, the district didn't take measures to prevent A.Z. from sexually assaulting E.R., and the district was ill-prepared to manage sexual abuse allegations because it did not provide child sexual abuse prevention education to elementary school students.[2] *Id.* at ¶ 50.

From May 2024 to September 2025, A.Z. repeatedly assaulted E.R. on the school bus while E.R. was a 1st and 2nd grade student. *Id.* at ¶¶ 24, 26-28. A.Z. put his hands on E.R.'s genitals over her clothing, touched her genitals under her clothing, choked her, and threatened her to prevent disclosure of the abuse. *Id.* at ¶¶ 24, 26-27. E.R. has suffered severe physical and psychological trauma because of the

---

[1] These allegations are taken from the Complaint [1]. The Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

[2] As referenced by the complaint, this practice is contrary to Illinois law, which requires "age-appropriate sexual abuse and assault awareness and prevention education" be provided to grades pre-kindergarten through 12. 105 ILCS 110/3.

2

abuse. She experienced stress-induced benign facial tics, suicidality, and panic attacks. *Id.* at ¶¶ 25, 44-48. In September 2025, E.R. disclosed the abuse to a police officer, who informed Holt. *Id.* at ¶ 28.

Holt took several actions upon learning of the abuse. *Id.* at ¶¶ 29-31. She reported the assaults to the Ogle County Sherif, made a formal Title IX complaint to district officials, including Adolph, and secured an emergency no-contact order against A.Z. in state court. *Id.*

The school district responded by trying to investigate these claims. Its staff interrogated E.R., removing her from class and conducting an interview outside the confines of a Children's Advocacy Center (CAC), which are specially designed for these kinds of child abuse interviews. *Id.* at ¶¶ 32-33. Investigators asked questions that were not limited to A.Z.'s abuse, but also included questions about E.R.'s family and mother. *Id.* at ¶ 34. Following this interview with E.R., district officials reported Holt to the Illinois Department of Children and Family Services (DCFS) for suspected child abuse and neglect.[3] *Id.* at ¶ 35. DCFS denied the complaint after investigators interviewed Holt and her minor children. *Id.* at ¶ 37.

In the days following the Title IX complaint, E.R. and her brother were subjected to further bullying from peers on the school bus. *Id.* at ¶ 39. After E.R.'s brother punched a student, he was inaccurately portrayed as the sole aggressor by

---

[3] This was the second time district officials had reported Holt to DCFS following a complaint from Holt. The first, in the 2024-2025 school year, alleged Holt was causing E.R. "mental injury" after Holt criticized a principal for yelling at students. Complaint [1] at ¶ 36. The DCFS complaint was ultimately denied. *Id.*

school staff.[4] *Id.* at ¶ 40. Another student told E.R. she was "going to hell" for having reported A.Z. *Id.* at ¶ 39. And after a CAC interview was completed with E.R., district staff pressured Holt to provide the findings to district officials or they would close the Title IX investigation without E.R.'s statements. *Id.* at ¶ 43.

**Legal Standard**

Federal Rule of Civil Procedure 8 requires only that a complaint contains a short and plain statement establishing the basis for the claim and the Court's jurisdiction, as well as a prayer for the relief sought. Fed. R. Civ. P. 8(a). A motion for judgment on the pleadings is governed by the same standards as a motion to dismiss for failure to state a claim. *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014); Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 12(b)(6).

So, to survive a motion for judgment on the pleadings, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is proper when "the allegations …, however true, could not raise a claim of entitlement to relief." *Id.* at 558. The Court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). The moving

---

[4] Bus security cameras were not functional on the day of this incident. *Id.* at ¶ 41. It's unclear if they were present or functional—or if the footage had been preserved—for the other alleged incidences described in Holt's complaint.

4

party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

The Defendants' contention that the *Erie* doctrine requires the Court to utilize state law civil procedure to decide a motion to dismiss is flatly wrong. As a basic tenet of federal civil procedure learned by all first-year law students, a federal court sitting in diversity jurisdiction must apply the *substantive* law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Land v. Yamaha Motor Co.*, 272 F.3d 514, 516 (7th Cir. 2001). But *procedural* law doesn't change. *Erie*, 304 U.S. at 92 (J. Reed, concurring) ("[N]o one doubts federal power over procedure."); *Hahn v. Walsh*, 762 F.3d 617, 629 (7th Cir. 2014); *see also Gasperini v. Ctr. For Huamnities, Inc.*, 518 U.S. 415, 427 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."). When a federal rule of civil procedure is on point, the federal court bypasses the *Erie* inquiry altogether and uses the federal rule. *Hanna v. Plumer*, 380 U.S. 460, 469-70 (1965) ("The Erie rule has never been invoked to void a Federal Rule."); *see also Berk v. Choy*, 146 S.Ct. 546, 552 (2026).

**Discussion**

### *i.* **Counts III and IV: *Monell* Liability and Failure to Intervene**

In Count III, Holt alleges Rochelle Community Schools' policies or customs were the "moving force" behind the deprivation of E.R.'s substantive due process right

to bodily integrity.[5] Complaint [1] at ¶¶ 77-85. In Count IV, Holt alleges the individual defendants violated 42 U.S.C. § 1983 by failing to intervene.

Suits against a local government unit require allegations that plausibly assert the municipality itself caused a constitutional violation. *Flores v. City of South Bend*, 997 F.3d 725, 730-31 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). Similarly, a § 1983 suit for failure to intervene requires allegations that defendants knew that a constitutional violation was committed. *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017). Because Holt has not sufficiently alleged any constitutional violation occurred, the claims can't proceed. Counts III and IV must be dismissed.

Obviously, sexual assault is both illegal and tortious. *See* 720 ILCS 5/11-1.20; *Bakes v. St. Alexius Med. Ctr.*, 352 Ill.Dec. 902, 909-10 (Ill. App. Ct. 2011). But to be a *constitutional* violation, there must be more. Constitutional prohibitions acting against the State—such as those in the Due Process Clauses of the Fifth and Fourteenth Amendments—restrict state actors (e.g., public school teachers). They don't restrict random private actors (e.g., public school students). "[N]othing in the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors… Its purpose was to protect the people from the State, not to ensure that the State protected them from each other." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989). "The

---

[5] Holt argues in the alternative that E.R. possesses a constitutional right to public education free from sexual assault. Complaint [1] at ¶ 83. Holt abandons this argument in her response to the Defendants' motion. Response [23] at 2-3.

6

Due Process Clauses generally confer no affirmative right to government aid, even when such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id*. at 196.[6]

It's plainly true that public students have liberty interests in physical safety and property interests in public education. *Stevens v. Umsted*, 131 F.3d 697, 701 (7th Cir. 1997); *Doe v. Purdue Univ.*, 928 F.3d 652, 660 (7th Cir. 2019). But Holt hasn't alleged that the district actors were the ones to deprive E.R. of either of those rights. Rather, she has alleged that A.Z.—a private actor—deprived E.R. of these rights, in part due to the district's lack of training and supervision. This is insufficient. The cases cited by Holt in her response all relate to instances of misconduct *directly* performed by school officials (e.g., segregation, teacher sexual abuse, and correctional officer sexual abuse). *See Medina v. Izquierdo*, 594 F.Supp.3d 1045 (N.D. Ill. 2022); *Wolfgram v. Miller*, No. 21-cv-02755, 2023 U.S. Dist. LEXIS 176440 (N.D. Ill. Sept. 30, 2023); *Doe v. Bd. of Educ. of Hononegah Comm. Sch. Dist. No. 207*, 833 F.Supp. 1366 (N.D. Ill. Sept. 30, 1993); *J.K.J. v. Polk Cnty.*, 960 F.3d 367 (7th Cir. 2020).

A.Z. is not a state actor, a joint actor, or a conspirator, so his actions can't violate the constitution. *See D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015); *Doe v. Sch. Dist. U-46*, 557 F.Supp.3d 860, 871-72 (N.D. Ill. 2021); *Henderson v. Dekalb Cmty. Unit Sch. Dist. 428*, No. 3:20-CV-50124, 2021 U.S. Dist.

---

[6] Two exceptions to this rule—for "special relationships" and "state-created dangers"—were not briefed and in any event don't apply to these facts. *See generally Doe v. Sch. Dist. U-46*, 557 F.Supp.3d 860, 872 (N.D. Ill. 2021)

LEXIS 122166 (N.D. Ill. June 30, 2021). Holt has failed to allege any constitutional violation caused by the Defendants. So, Counts III and IV are dismissed.

### *ii.* Count V: Negligence

Next, Holt makes a state law claim for negligence against all defendants. Defendants have moved to dismiss this claim on the grounds that they are immunized by the Illinois Local Governmental and Governmental Employee Tort Immunity Act. In full, the relevant statutory provision provides:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused… A public employee is not liable for his act or omission in the execution or enforcement of any law unless act or omission constitutes willful or wanton conduct.

745 ILCS 10/2-201, 202.

In other words, if a public employee is accused of wrongful discretionary acts or omissions involving the determination of policy, they are afforded blanket immunity. *Trotter v. Sch. Dist. 218*, 315 Ill.App.3d 1, 12-13 (Ill. App. Ct. 2000). But if they are accused of wrongful acts that are ministerial in nature, they are immune only if the act or omission wasn't willful or wanton. *Id.* at 13. Discretionary tasks are those which are unique to a particular public office. *Arteman v. Clinton Comm. Unit Sch. Dist. No. 15*, 198 Ill.2d 475, 484-85 (Ill. 2002) (internal quotations omitted). Ministerial tasks are "those that a person performs on a given state of facts, in a prescribed manner, in obedience to the legal authority, and without reference to the

official's discretion as to the propriety of the act." *Trotter*, 315 Ill.App.3d at 13 (citing *Synder v. Curran Twp.*, 167 Ill.2d 466, 474 (Ill. 1995)).

Also relevant is 745 ILCS 10/2-209, which immunizes a local public entity (i.e., the school board) from liability for an injury resulting from an employee's act or omission where the employee is not liable. So, if a public employee is immune, so too is the public employer.

Each of the individual defendants here play different roles, with different duties. The superintendent's duties are not the same as that of the principal's, nor the Title IX coordinator's. For a court to make difficult delineations into policy decisions, discretionary acts, and ministerial tasks, it must have all the facts and assess the totality of the circumstances on a case-by-case basis. *S.G. v. Rockford Bd. of Educ.*, No. 08-C-50038, 2008 U.S. Dist. LEXIS 95522 at *26 (N.D. Ill. Nov. 24, 2008) (citing *Snyder*, 315 Ill.App.3d at 474; *Kevin's Towing, Inc. v. Thomas*, 351 Ill.App.3d 540, 547 (Ill. App. Ct. 2004)). Moreover, defendants have the burden of proof on the issue and plaintiffs need not address it in their complaint. *S.G.*, 2008 U.S. Dist. LEXIS at *26 (citing *Merritt v. United States*, 484 F.Supp.2d 864, 866 (S.D. Ill. 2007); *Hughes v. City of Chicago*, No. 02-C-7267, 2003 U.S. Dist. LEXIS 11261 at *5 (N.D. Ill. July 2, 2003)).

Defendants have not met their burden on the issue at this stage. The Court has effectively nothing—no policy, job description, or otherwise—to delineate whose job is what. Some decisions at issue may likely implicate both discretion and policy (e.g., the decision to suspend versus expel A.Z.). But it's not clear that *every* decision

made by the individual defendants was discretionary. In any event, this issue is better resolved after fact discovery is complete. Because a decision on individual defendants' immunity is premature, it is also premature to immunize the district. The motion for judgment on the pleadings as to Count V is denied.

### *iii.* **Count VI: State Civil Rights Violation**

Finally, Holt has brought a claim against the school district alleging a violation of the Illinois Civil Rights Act of 2003 ("ICRA"). In full, the relevant statutory provision provides:

> No unit of State, county, or local government in Illinois shall (1) exclude a person from participation in, deny a person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's… gender; or (2) utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their… gender.

740 ILCS 23/5(a)

Defendants have moved to dismiss this claim on the grounds that Holt has failed to allege E.R. was excluded from participation in a program or activity because of her gender. Notwithstanding the scant briefing of the issue—each party devoted it only a paragraph apiece in its respective briefing—Holt has plausibly alleged sex discrimination under ICRA to proceed to discovery.

Holt isn't required to allege violations of exclusion to state a claim, but rather must only allege that she—or rather E.R.—was "subject to discrimination" based on her gender. *Arriaga v. Dart*, 568 F.Supp.3d 953, 961 (N.D. Ill. 2021). Her complaint clears this threshold. A complaint need only "allege[] injuries from the *discriminatory effects* of defendant's actions." *Id.* (quoting *Leslie v. Bd. of Educ.*, 379 F.Supp.2d 952,

10

963 (N.D. Ill. 2005) (emphasis added)). As pled, E.R. suffered discriminatory effects—continued sexual harassment and assault—based on her gender from the district's lack of legally mandated sexual abuse prevention education and/or the district's alleged failure to address repeat instances of sexual misconduct by an older student with access to E.R. The claim for a violation of ICRA can proceed.[7]

**Conclusion**

For the above reasons, Defendants' motion for judgment on the pleadings [22] is granted in part and denied in part. Counts III and IV are dismissed without prejudice. Holt is provided until May 1, 2026 to amend her complaint or the dismissal of those two counts will convert to one with prejudice. Counts I, II, V, and VI should proceed immediately to discovery under the Magistrate Judge's direction and pursuant to the case management order. Dkt. 29.

Date: April 10, 2026                        By:  _____
                                                 Iain D. Johnston
                                                 United States District Judge

---

[7] Notwithstanding this finding, the claim faces an uphill battle to any success. An ICRA claim is only permitted in federal court when brought under supplemental jurisdiction. 740 ILCS 23/5(b). Here, the only independent basis to federal jurisdiction lies in Holt's Title IX claims. But Holt's ICRA claim facially appears to be duplicative to the Title IX claims. *See Watkins v. Steiner*, 2013 IL App (5th) 110421-U at *5 (Ill. App. Ct. Jan. 14, 2013) (unpublished) ("…the gender provision of the Illinois Civil Rights Act of 2003 should be construed in the same manner of Title IX."). Holt can't recover twice for the same harm. *See Duran v. Town of Cicero*, 653 F.3d 632, 639 (7th Cir. 2011) (Illinois prohibits double recoveries). The Court is disinclined to *sua sponte* dismiss a claim as duplicative without briefing; however, Holt is encouraged to consider the relative merits of maintaining both a Title IX and an ICRA claim.